## In re Anonymous No. 31 D.B. 79

Disciplinary Board Docket no. 31 D.B. 79.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

JOHNSON, *Board Member,* July 9, 1980— Pursuant to Pa.R.D.E. 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The petition for discipline filed in the instant matter arose out of a private reprimand administered to respondent by the Disciplinary Board of the Supreme Court of Pennsylvania at Docket no. 45 D.B. 78.

In the matter at Docket no. 45 D.B. 78, respondent undertook the representation of adopting parents in November of 1976 and had neglected the matter up to July of 1978 when he was discharged by his clients who engaged other counsel to accomplish the adoption. Hearing committee [ ] after a hearing on the matter, made a determination under summary determination that respondent had violated D.R. 6-101(A)(3)—neglect of a legal

matter entrusted to him and recommended a private reprimand with a refund of the fees collected from his clients. On January 19, 1979 the Disciplinary Board of the Supreme Court of Pennsylvania adopted the recommendation of the hearing committee and ordered respondent be given a private reprimand and further provided that all payments he had received on account of counsel fees should be returned to his clients prior to the administration of the private reprimand and evidence given to the secretary of the board to that effect.

A private reprimand before the Disciplinary Board was administered on March 29, 1979. The record thereof reflects the following passage:

"CHAIRMAN UNKOVIC: You received the Order of the Board which stated that you be given a private reprimand and return payment of counsel fees prior to the private reprimand.

[Respondent]: The amount was $225 and that has been refunded as of this morning.

CHAIRMAN UNKOVIC: Would you drop a note indicating that it has been done so that we would have a record of that repayment in the files. . . ."

Respondent did not send to the Disciplinary Board evidence indicating that the refund had been made to his clients, as requested by Chairman Unkovic. Disciplinary Counsel sent respondent a letter which he received on or about June 1, 1979 pointing out to him that he had misrepresented the facts when he said the refund had been made and advising him that the same could be the basis for additional violation of the Disciplinary Rules. With no response from respondent the instant petition for discipline was filed on September 7, 1979, served upon respondent September 13, 1979. No answer to the petition was filed and the matter was referred to hearing committee [ ] consisting of [ ], Esq.,

Chairman, [ ], Esq. and [ ], Esq. The hearing committee held a hearing on November 1, 1979 at which time respondent did not contest the accuracy of the allegations contained in the petition. In due course the hearing committee filed its report finding respondent had violated the following sections of the Code of Professional Responsibility; D.R. 1-102(A)(4) a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; D.R. 1-102(A)(5) a lawyer shall not engage in conduct that is prejudicial to the administration of justice, and recommended respondent receive public censure by the Supreme Court.

## II. DISCUSSION

We must agree with the conclusion of the hearing committee with regard to the Disciplinary Rules violated by respondent. Notwithstanding, respondent and his counsel, both had signed an endorsement accepting the recommendation of the hearing committee under the abbreviated proceedings at Docket no. 45 D.B. 78, which included a refund to his clients of the fee paid, he testified that the night before going to Harrisburg for the private reprimand, he went through his papers and saw that the board stated the fee should be returned prior to the reprimand. Why he was not aware of it before is not explained. Noting for the first time he was to make restitution prior to the appearance for reprimand, he testified he left a note for his bookkeeper to send a check. He then appeared before the board and advised Chairman Unkovic that the money had been refunded. Although requested by Chairman Unkovic to send evidence to the Secretary of the board that the payment had been made, he did not do so. Upon the receipt of the letter from Disciplinary Counsel, which he received on or about June 1,

pointing out his misrepresentation of fact to the Disciplinary Board at the time of the private reprimand, he checked and found that no check had been sent out, still he made no effort to make restitution or to advise the board, his statement to the board was wrong. The petition for discipline was served upon respondent September 13, 1979 and likewise, this failed to prompt respondent to make restitution or advise the board concerning his erroneous statement before the board. On October 9, 1979 he was notified of the hearing scheduled for November 1, 1979, and finally on October 26, 1979, just a few days prior to the hearing date, he made restitution to his former clients. Consequently, between March 29, 1979, the date the private reprimand was administered to respondent and October 26, 1979, he made no effort to make restitution to his former clients or to correct the erroneous statement made to the board. At the time of the hearing respondent was asked why he had not refunded the money earlier than he had. In explanation of this he stated, "The explanation is simply that as of June 1 or whatever the date I received [Disciplinary Counsel]'s letter, I was livid, I was just blinded by anger and I have been angry ever since and I'm angry today, quite honestly." It would appear anger is a most inappropriate reaction in light of respondent's conduct. It was the conclusion of respondent that his conduct could not even be considered a violation, even if the facts are all true.

On December 14, 1978, respondent had been administered an informal admonition by Chief Disciplinary Counsel at Disciplinary Counsel File no. [   ]. On March 29, 1979 he was administered a private reprimand out of which this violation of the Disciplinary Rules flowed. Despite this prior contact with the disciplinary system, respondent still seems to have no understanding of the purpose of function-

ing of that system. Perhaps a public reprimand, as recommended by the hearing committee, will make him sufficiently aware of his responsibilities to his profession.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent, [Respondent], Esq., be publicly censured pursuant to Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

EAGEN, *C.J.*, And now, September 7, 1980, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated July 9, 1980, is rejected; and it is ordered, that [Respondent] be, and he is suspended from the practice of law in this court and all the courts under its supervisory jurisdiction for a period of six months and until further order of this court.